RAB18W (08/07)

# United States Bankruptcy Court

District of Utah
Case No. **12–28944**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
   Shahin Mohammad Reza
   aka Shahin Mohammadreza
   5809 S. Waterbury Dr.
   Salt Lake City, UT 84121

Social Security No.:
   xxx–xx–2603

Employer's Tax I.D. No.:

Petition date: 7/11/12

## DISCHARGE OF DEBTOR(S) AFTER COMPLETION
## OF CHAPTER 13 PLAN

It appearing that the debtor(s) is entitled to a discharge,

**IT IS ORDERED:**

The debtor(s) is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

                      BY THE COURT

Dated: 9/11/15                       R. Kimball Mosier
                                   United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM RAB18W continued (08/07)

## EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. [*In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

### Debts that are Not Discharged.

Some of the common types of debts which are **not** discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most taxes; and, in a case filed on or after October 17, 2005, debts incurred to pay nondischargeable taxes;

c. Debts for most student loans;

d. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

e. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

f. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

g. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

h. Some debts which were not properly listed by the debtor;

i. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

j. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and,

k. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
District of Utah

In re:  
Shahin Mohammad Reza  
    Debtor

Case No. 12-28944-RKM  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 1088-2     User: dlg     Page 1 of 1     Date Rcvd: Sep 11, 2015  
                 Form ID: rab18w     Total Noticed: 3

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 13, 2015.
db             +Shahin Mohammad Reza,    5809 S. Waterbury Dr.,    Salt Lake City, UT 84121-1154
8395080        +Chase,    3415 Vision Drive,    Columbus, OH 43219-6009
8395083       ++ZIONS FIRST NATIONAL BANK,    LEGAL SERVICES UT ZB11 0877,    P O BOX 30709,
                 SALT LAKE CITY UT 84130-0709
               (address filed with court:  Zions Bank,    P.O box 30709,    S.L.C, UT 84130)

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
8395082*      ++ZIONS FIRST NATIONAL BANK,    LEGAL SERVICES UT ZB11 0877,    P O BOX 30709,
                 SALT LAKE CITY UT 84130-0709
               (address filed with court:  Zions First National Bank,    Legal Services, UT ZB11 0877,
                 P.O. Box 30709,    Salt Lake City, UT 84130)
8395081       ##+Faramarz Baravi,    4412 south 500 east,    Salt Lake City, UT 84107-2866
                                                                                     TOTALS: 0, * 1, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9):** Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Sep 13, 2015                                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 11, 2015 at the address(es) listed below:
              Linda D. Smith    on behalf of Debtor Shahin Mohammad Reza lawldsmith@aol.com,
               ldspclaw@gmail.com;lmadrid30@msn.com
              Lon Jenkins tr    ecfmail@ch13ut.org, lneebling@ch13ut.org
              United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
                                                                                             TOTAL: 3
```